*1090 BEA, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the judgment in favor of the defendants should be affirmed and thus join Parts I, II.A, II.B, and II.C of the majority opinion. I decline to join Part II.D. The district court did not abuse its discretion in taxing costs against plaintiff John Clint Draper because the district court justifiably followed the presumption of taxing costs against the losing party, here, Draper.
The district court entered judgment in favor of the defendants on June 24, 2014, and entered the order taxing costs against Draper on July 23, 2014. I would affirm the district court’s order taxing costs against Draper. Draper sued the defendants; his case went to trial, and he lost. The defendants sought to recoup from Draper $3,018.35 of costs under Federal Rule of Civil Procedure 54(d)(1). Draper does not dispute the amount of costs but contends that the defendants, who prevailed, should not be awarded costs at all. “Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded.” Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). The district court, in a reasoned order, followed this presumption and taxed costs against Draper, the losing party. It did not abuse its discretion in doing so.
The majority examines the factors from Association of Mexican-American Educators v. California, 231 F.3d 572, 592-93 (9th Cir. 2000) (en banc),[1] and concludes that the district court abused its discretion when it taxed costs against Draper. Maj. Op. 1087-89. The majority makes two mistakes. First, it wrongly applies these factors to review the district court’s award of costs to the prevailing party, Maj. Op. 1088-89, when the factors are “reasons for refusing to award costs,” Ass’n of Mex-Am. Educators, 231 F.3d at 592 (emphasis added). As we have explained, “A district court deviates from normal practice when it refuses to tax costs to the losing party,” and “[t]he [Rule 54(d)] presumption itself provides all the reason a court needs for awarding costs.” Save Our Valley, 335 F.3d at 945; accord In re Online DVD-Rental Antitrust Litig., 779 F.3d 914, 932 (9th Cir. 2015). Second, the majority ignores the fact that the district court already considered these factors — though it was not required to do so, see Save Our Valley, 335 F.3d at 945 — and analyzes and reweighs the factors de novo, Maj. Op. 1087-89, when oúr role is to review the district court’s order taxing costs for abuse of discretion, see Ass’n of Mex.-Am. Educators, 231 F.3d at 591. The district court’s decision to follow the presumption of taxing costs against the losing party, Draper, was not an abuse of discretion- — the district court did not commit legal error, and its decision was not “illogical, implausible, or without support in inferences that may be drawn from the record.” United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc); see Save Our Valley, 335 F.3d at 945.
The majority can drum up only a single case in which we held that the district court had abused its discretion when it taxed costs against the losing party, Stanley v. University of Southern California, *1091 178 F.3d 1069 (9th Cir. 1999). Maj. Op. 1087-88. But, in Stanley, we did not hold that costs could not be taxed against the plaintiff, who lost on summary judgment, “because the award could have left her indigent and because it might chill future civil rights litigation.” Maj. Op. 1088. Rather, we remanded the case for the district court to reconsider its decision on costs in light of the plaintiffs limited financial resources and the possible chilling effect an award of costs could engender, factors the district court did not consider initially. Stanley, 178 F.3d at 1079-80.[2] Here, the district court did consider those factors and found them insufficient to overcome the presumption of taxing costs against the losing party. And, in any event, we later clarified that district courts are not required to “justify[ ] routine awards of costs against losing parties in civil rights cases” and recognized that Stanley instead stands for the narrow proposition that, “in the rare occasion where severe injustice will result from an award of costs (such as the injustice that would result from an indigent plaintiffs being forced to pay tens of thousands of dollars of her alleged oppressor’s legal costs), a district court abuses its discretion by failing to conclude that the [Rule 54(d) ] presumption has been rebutted.” Save Our Valley, 335 F.3d at 945.
This case does not present “the rare occasion where severe injustice will result from an award of costs.” Id. The costs taxed against Draper total $3,018.35, a modest sum and less than the amount awarded in Save Our Valley, where we concluded that “[n]o such injustice will result from the award of $5,310.55 in this case.” Id. Draper may pay these costs in installments over time, depending on the income credited to his prison account. See 28 U.S.C. § 1915(f)(2). This case presented no legal questions of unusual public importance; rather, as the majority admits, “the case turned on which competing account of events the jurors believed.” Maj. Op. 1088. The fact that this is a civil rights case is likewise unimportant, because we have affirmed “routine awards of costs against losing parties in- civil rights cases,” even where the case presented close legal questions of great public importance. Save Our Valley, 335 F.3d at 946. That this case was brought by a prisoner should counsel in favor of taxing costs against Draper, because Congress enacted the Prison Litigation Reform Act of 1995, of which 28 U.S.C. § 1915(f)(2)’s provision on payment of costs is a part, to reduce the quantity of prisoner suits. See Woodford v. Ngo, 548 U.S. 81, 83, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).
The majority essentially establishes a rule that the presumption of taxing costs against a losing party is rebutted if the losing party is an indigent prisoner whose claim is arguably meritorious and proceeds to trial. There is no legal basis for such a rule. I would affirm the district court’s decision to follow the presumption and tax costs against Draper, the losing party.
Because the majority wrongly finds that the district court abused its discretion by taxing costs against the losing party, Draper, I respectfully dissent from Part II.D of the majority opinion.

. "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff’s limited financial resources, and (5) the economic disparity between the parties. This is not ‘an exhaustive list of "good reasons” for declining to award costs,’ but rather a starting point for analysis.” Escríba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014) (quoting Ass’n of Mex.-Am. Educators, 231 F.3d at 593).

. It is unclear from the district court docket in Stanley how the district court ultimately allocated costs on remand.